UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALETHIA FRANCIS,

           Plaintiff,

v.                                      **ORDER**

KEVIN DECHAMPLAIN and RYDER         23-CV-00271 (PMH)
TRUCK RENTAL, INC.,

           Defendants.
-------------------------------------------------------------x

PHILIP M. HALPERN, United States District Judge:

On February 2, 2023, the Court ordered defendants Kevin Dechamplain and Ryder Truck Rental, Inc. to show cause in writing why this action should not be remanded to Supreme Court of the State of New York, County of Westchester, due to defect in removal procedure. (Doc. 9). Defendants filed a letter on February 7, 2023 responding to the Court's Order to Show Cause. (Doc. 10). Defendants, in their response letter, rely on one case, *Total Energy Corp. v. Stolt*, 334 F. Supp. 2d 413 (S.D.N.Y. 2004), to persuade the Court that their Notice of Removal should be deemed timely under the present circumstances. (*Id.*). That case is distinguishable from the circumstances in this matter.

The Clerk's Office, in *Total Energy*, timely received the defendant's notice of removal, but the defendant failed to include the proper civil cover sheet. 334 F. Supp. 2d at 414. The court explained that "the Second Circuit has held that while district courts lack the authority to enlarge statutory filing limits, they do have the discretion to excuse non-compliance with the Local Rules, which are not statutes, in the interest of justice." *Id*. Because the issue there was non-compliance with the Local Rules, which the court had the authority to excuse, it deemed the notice timely filed. *Id*.

Here, however, the issue is the absence of the notice itself, not merely non-compliance with the Local Rules or a minor clerical error. When Defendants attempted to remove this action on January 16, 2023, they filed three documents: a civil cover sheet (Doc. 1); a "Notice of Filing" which was docketed with the filing event "Notice of Removal" (Doc. 2); and a Rule 7.1 corporate disclosure statement (Doc. 3). Although the "Notice of Filing" states that annexed thereto is a notice of removal which was "duly filed in the Office of the Clerk of the United States District Court for the Southern District of New York on the 12th day of January, 2023," there is no notice of removal annexed thereto, nor was a notice of removal filed separately elsewhere on the docket. (Doc. 2). The Clerk's deficiency notice alerted Defendants that the specific filing error for the purported notice of removal was "Wrong PDF File Associated With Docket Entry" (*see* Doc. 2; *see also* Jan. 17, 2023 Doc. Entry ("the PDF attached to the docket entry for the pleading is not correct. . . . If the deficiency/deficiencies are not corrected within five (5) days per Amended Standing Order 15-mc-00131 this case will be administratively closed.")). Defendants do not dispute that they failed to re-file a correct notice of removal within the prescribed time, and this case was therefore administratively closed on January 24, 2023. (Doc. 5). Indeed, a notice of removal was not filed in this matter until February 1, 2023, which was forty days after it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (c)(3)(A). (Doc. 6).

This situation is more akin to that of *Morrow v. Union Pac. R.R. Co.*, No. 21-CV-04892, 2021 WL 4033777 (C.D. Cal. Aug. 3, 2021). The defendant in *Morrow* attempted to file a notice of removal on June 16, 2021, the last day of the 30-day removal period. 2021 WL 4033777, at *1. The Court's docket reflected that a case was opened on that date, but no initiating document was filed. *Id*. After the Clerk's Office entered a deficiency notice, the defendant filed a notice of

removal, but it was then one week beyond the 30-day removal period. The court remanded as the notice of removal was not timely filed pursuant to 28 U.S.C. § 1446(b), and the defendant presented no grounds on which the court could deem the notice of removal timely. *Id*. at *2.

Defendants ask this Court to deem the notice of removal constructively filed within the statutory period and "disregard the technical deficiencies" in the filing. (Doc. 10 at 2). Defendants do not, however, acknowledge their failure to file a notice of removal within the thirty-day time limit. This was not a mere technical deficiency, non-compliance with Local Rules, or a minor clerical error. This was simply a failure to file a notice of removal within the prescribed time.[1] The Court lacks the authority to enlarge statutory filing limits and accordingly, the matter must be remanded.

As the Notice of Removal was untimely filed after the statutorily prescribed time period and Defendants present no grounds on which the Court could deem the Notice timely, the Court hereby remands the action to Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

---

[1] The Court undertook an independent review of the State Court filing system to determine whether, perhaps, Defendants filed a correct version of the notice of removal within the thirty-day period on that docket. The State Court docket reveals that Defendants did not file a copy of the notice of removal at any time in the State Court, thereby failing to comply with 28 U.S.C.A. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). It appears, rather, that the matter has been proceeding in State Court. The parties appeared for a preliminary conference in the State Court on February 2, 2023, and entered into a Preliminary Conference Stipulation providing for an agreed-upon disclosure schedule pursuant to the CPLR. (Index No. 65582/2022, NYSCEF Doc. Nos. 13-15).

SO ORDERED:

Dated: White Plains, New York
       February 8, 2023

_____
Philip M. Halpern
United States District Judge